AARON D. FORD
  Attorney General
NATHAN C. HOLLAND, Bar No. 15247
  Deputy Attorney General
State of Nevada
100 N. Carson Street
Carson City, NV 89701-4717
Tel: (775) 684-1254
E-mail: NHolland@ag.nv.gov

*Attorneys for Defendants*
*Justin Dixon, Elkenberry and Shore*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

CHRISTOPHER LOWRY,

    Plaintiff,

vs.

DIXON, et al.,

    Defendants.

Case No. 3:20-cv-00100-MMD-WGC

**ORDER GRANTING
MOTION FOR EXTENSION OF TIME TO FILE SETTLEMENT STIPULATION AND PROPOSED ORDER FOR DISMISSAL
FIRST REQUEST**

Defendants, Justin Dixon, Elkenberry and Shore by and through counsel, Aaron D. Ford, Attorney General of the State of Nevada, and Nathan C. Holland, Deputy Attorney General, request this Court grant an extension of time to file a Stipulation and Proposed Order regarding the Complaint filed November 13, 2020.

**I.    INTRODUCTION,**

Defendants respectfully request an extension of time of 30 days to file a Stipulation and Proposed Order for Dismissal from the current deadline of **May 6, 2021**, to **June 6, 2021**. Excusable neglect supports granting this extension because: (1) Lowry refuses to sign the Stipulation and Order, despite agreeing to do so at the Early Medication Conference (2) The Attorney General's Office (OAG) was not made aware of this fact until May 3, 2021.

/ / /

/ / /

1

## II. BACKGROUND

On April 6, 2020, at the Early Meditation Conference, the parties agreed to a settlement. On April 22, 2021, the OAG mailed out the Settlement Agreement and the Stipulation and Order to Lowry. Defense counsel received a letter from Lowry on May 3, 2021, stating that he does not agree with some of the clauses in the settlement agreement, and requested a telephonic conference with defense counsel. The Attorney General's office scheduled a telephonic conference with Lowry for May 7, 2021. As the Stipulation and Order is due on May 6, 2021, defense counsel requires more time to meet with Lowry and establish agreed upon terms for the Settlement Agreement.

During the scheduled telephonic conference, defense counsel will discuss the proposed Settlement Agreement with Plaintiff in an attempt to conclude this matter as it was agreed to during the early mediation conference. Assuming all remains as agreed to, counsel will effectuate the necessary steps to complete resolution and dismissal of the instant case. However, should Plaintiff no longer agree to the parties' settlement, counsel will move this Court to enforce the settlement agreement.

## III. LEGAL ARGUMENT

Federal Rule of Civil Procedure 6(b)(1) governs extensions of time and provides as follows:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Good cause exists to supports an extension in this matter for at least four specific reasons.

**First**, Defendants have acted in good faith throughout this litigation. Defendants attended the Early Mediation Conference and negotiated the settlement agreement. Defendant has promptly responded to every motion and statement required. Defendants cannot meet this deadline because the communication between Lowry and defense counsel takes longer than the allotted time, despite counsel's best efforts. Thus, Defendants are acting in good faith.

**Second**, the moving party has exercised due diligence. Defendants have met with Lowry, determined the most important resolutions to this matter and successfully negotiated the case. Further, once counsel was aware that Lowry was unwilling to sign the Settlement Agreement as is, counsel

immediately scheduled a teleconference with Lowry. Accordingly, Defendants have demonstrated due diligence.

**Third**, there is a reasonable basis for non-compliance. Specifically, the timing required to mail the Settlement Agreement to Lowry; the time it took Lowry to mail his objections to the Settlement Agreement; and the time to took to schedule a telephonic conference with Lowry took longer than the allotted thirty-days.

**Fourth**, Lowry will not be prejudiced by the extension. An extension in this matter should result in this case being settled according to the agreement reached during the Early Mediation Conference. Should this Court grant an extension, the parties will be permitted to settle their differences via the scheduled telephonic conference.

IV.     **CONCLUSION**

For these reasons, Defendants respectfully request a 30-day extension of time from the current deadline of **May 6, 2021 to June 6, 2021** to file a Stipulation and Proposed Order or, alternatively, to move this Court to enforce the settlement agreement, with a new deadline up to and including **June 6, 2021**.

DATED this 6th day of May, 2021.

AARON D. FORD
Attorney General

By:   /s/Nathan C. Holland
       NATHAN C. HOLLAND, Bar No. 15247
       Deputy Attorney General
       State of Nevada

IT IS SO ORDERED.

DATED: May 7, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

3